**The PEOPLE of the State of Colorado, Complainant,**

v.

**Edwin B. FIEMAN, Attorney-Respondent.**

**No. 90SA54.**

Supreme Court of Colorado, En Banc.

March 19, 1990.

Linda Donnelly, Disciplinary Counsel, and John S. Gleason, Asst. Disciplinary Counsel, Denver, for complainant.

Edwin B. Fieman, Denver, pro se.

## PER CURIAM.

On January 4, 1990, Edwin B. Fieman and the disciplinary counsel for the Supreme Court Grievance Committee entered into a stipulation, agreement, and conditional admission of misconduct. An inquiry panel of the Grievance Committee accepted the stipulation and agreement and recommended that Fieman be disciplined by public censure. We accept the stipulation and agreement and conclude that the recommendation of public censure is appropriate.

### I

In the stipulation, Fieman admitted the following facts and agreed with the following conclusions. He also agreed that public censure was the appropriate discipline. Fieman was admitted to the bar of this court on April 16, 1969, and is registered as an attorney upon the official records of this court. Accordingly, he is subject to the jurisdiction of this court and its Grievance Committee in these proceedings.

In September 1980, Dorothy Golden was appointed as conservator and guardian for her son who had been seriously injured in an automobile accident. The court ordered Golden to file annual accountings of the conservatorship assets, income, and expenses.

Golden failed to file any accountings after September 1984. In June 1987, the court issued a contempt citation against Golden for her failure to file accountings. Fieman agreed to represent Golden without charge.

On July 6, 1987, Golden was scheduled to appear on the contempt citation. Fieman sought and obtained several continuances in order to obtain documents from Golden and file the accounting. On August 14, 1987, Fieman suffered a heart attack and was hospitalized until September 1987. He failed to file the accounting.

On January 29, 1988, the Honorable Field C. Benton of the Denver Probate Court ordered Fieman to advise the court by letter within fifteen days of the status of the accounting. Judge Benton's clerk called Fieman on several occasions requesting him to make the proper filings. Fieman failed to do so. On August 29, 1988, the court issued a bench warrant for Fieman's arrest based on his failure to respond to the court's order. A hearing on the bench warrant was set for December 8, 1988, but due to a snowstorm the hearing was continued. Fieman failed to reset the matter.

In April 1989, Fieman told the disciplinary counsel investigator that he would immediately work on the matter and file a notice to set it for hearing. He failed to do so. On December 18, 1989, Fieman filed the accounting and the court closed the conservatorship.

Fieman stipulated, and we agree, that his conduct violates C.R.C.P. 241.6 and the Code of Professional Responsibility DR 1-102(A)(1) (lawyer shall not violate a disciplinary rule); DR 1-102(A)(5) (conduct prejudicial to the administration of justice); DR 6-101(A)(3) (neglect of a legal matter); DR 7-101(A)(1) (failure to seek lawful objectives of client); DR 7-101(A)(2) (failure to carry out contract of employment); and DR 7-106(A) (disregard of a court ruling).

## II

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions,* public censure "is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *Standards for Imposing Lawyer Sanctions* § 4.43 (1986). Public censure is also appropriate when a lawyer negligently fails to comply with a court order. *Id.* at § 6.23.

Although Fieman experienced some difficulty in obtaining the necessary documents from his client and had medical problems, he nevertheless failed to act with reasonable diligence in providing the accounting or complying with the court's order.

In determining what discipline should be imposed, we have considered the following aggravating factors: (1) Fieman has received two letters of admonition, one in 1975 for failing to promptly submit an accounting of client funds when requested, and the other in 1980 for neglecting a legal matter. *See Standards for Imposing Lawyer Sanctions* § 9.22(a); (2) Fieman's substantial experience as a lawyer. *Id.* at § 9.22(i). Giving consideration to these factors, we conclude that public censure is warranted.

Accordingly, Edwin B. Fieman is hereby publicly censured by this court for his professional misconduct. He is also ordered to pay $42.20 for the costs of these proceedings to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Denver, Colorado 80202–5485, within thirty days of this opinion.